IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AVANTE INTERNATIONAL TECHNOLOGY, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil No. **07-169-DRH** ) |
| HART INTERCIVIC, INC., | ) ) ) |
| Defendant. | ) |

## ORDER

**PROUD, Magistrate Judge:**

Before the court is Plaintiff's Motion to Compel a Response from Hart Intercivic, Inc., to Interrogatories Nos. 3-4, 6-10 and Determine the Sufficiency of Hart's Answers to Requests for Admissions 3-13, 49-56 Under Fed.R.Civ.P. 37(a). **(Doc. 68)**. Defendant filed a response at **Doc. 74.** Plaintiff filed a reply at **Doc. 82.**

### Requests for Admissions

**Fed.R.Civ.P. 36(a)(3)** requires that objections be made within 30 days after being served. "The grounds for objecting to a request must be stated." **Rule 36(a)(5)**. Objections that are not timely filed are waived.

If the court determines on motion that an objection is not justified, the court must order that the request be answered. If the court determines that an answer does not comply with Rule 36, the court may order that the matter is admitted, or that the answer be amended. Rule 36(a)(6).

Plaintiff served its First Set of Requests for Admission on August 10, 2007, although they were not filed with the court until September 17, 2007. **(Doc. 47)**. Defendant filed its initial responses thereto on September 17, 2007. **(Doc. 48)**. After the Motion to Compel was

1

filed, defendant filed Supplemental Responses and Objections on March 3, 2008.  **(Doc. 69)**. The time for filing objections had long expired by then, so any objections made for the first time in the supplemental response are waived.

Hart has amended some of its responses to admit matters which it previously denied. Rule 36(b) requires that a party obtain leave of court to withdraw or amend an admission. For obvious reasons, leave is not required in order to change a response from "denied" to "admitted." Hart changed its position from "denied" to "admitted" on numbers 4, 5, 6, 7, 8, 9, and 13. However, Hart qualifies each of its admissions with the phrase, "To the extent that this Request refers to the eScan™ polling place system, . . . ." Avante complains that this "objection" was not made in the original response, and is therefore waived. The court does not consider this qualifying phrase to be an objection.

Request number 3 asks Hart to admit that it "offers voting equipment for sale on its website." Hart objected that the phrase "offers ... for sale" is vague, ambiguous, and calls for a legal conclusion. Subject to the objection, the request is denied. In its response to the motion to compel, Hart explains that its denial was directed to the "on its website" component of the request. That is, it does not deny that it offers voting equipment for sale, but it does deny doing so *on its website*. Rather, it says that it places information about voting equipment on its website, which constitutes advertisement or solicitation, and not an offer for sale. Technically, Hart is correct.

Requests numbers 10, 11, and 12 all ask Hart to admit that its eSlate voting equipment has a "voter verifiable paper trail." Hart initially denied all three requests, and has not supplemented its response.

Plaintiff argues that the response is false based on the fact that Hart's website indicates that Hart's equipment does, in fact, have a voter verifiable paper trail. Hart explains in its

2

response to the motion that, while its equipment has a "Voter Verifiable Paper Audit Trail," this VVPAT is not a "voter verifiable paper trail." Hart also states that "Avante takes the position that the VVPAT capability found in Hart's products provides a voting session identifier." This is a rather curious statement; Hart's products either do or do not provide a voting session identifier. In any event, Hart goes on to explain that "'voting session identifier' has been construed to require that the voting machine gives the voter a number to take away from the voting place so he can later verify his published voting selections." **Doc. 74, p.6.** Because, according to Hart, its products do not provide the voter with a number to take away, its products do not have a VVPAT. *Id.*

This explanation by Hart of its denial of requests numbers 10 through 12 is tortured, at best. The requests do not ask about a voting session identifier. Hart's response to these three requests is a simple "Denied." Hart's response does not fairly respond to the requests, and Hart is ordered to amend its responses to respond to the request as posited.

Requests numbers 49 through 54 ask Hart to admit that its eSlate equipment utilized a "tough screen" in various years. Hart originally responded by objecting that the phrase "tough screen" is vague and ambiguous, but, subject to the objection, the requests were denied. Hart amended its answer to state the same objection, but, subject to the objection, the requests are now admitted. The phrase "tough screen" comes from Hart's own website. According to Avante, at least for some period of time, Hart's website referred to the poly-carbonate screen on its eSlate voting machine as a "tough screen." The objection to request numbers 49 through 54 is denied, and the requests are deemed admitted.

Request number 55 asks Hart to admit that the eSlate's "tough screen" is " electrically connected in some fashion" to the eSlate's processor. Hart objected that the phrase "tough screen" is vague and ambiguous. Hart has not supplemented its response. In its response to the

3

motion, Hart argues that the phrase "in some fashion" is vague and ambiguous. However, that specific objection was not raised initially, and is waived. The objection to number 55 is denied, and Hart shall answer without objection.

**Interrogatories**

Hart served supplemental answers to interrogatories after Avante filed its motion. A copy is attached to **Doc. 74** as **Exhibit A**. However, some issues remain unresolved, as is discussed by Avante in its reply, **Doc. 82.**

In its initial response to the interrogatories, Hart made eight general objections which purport to go to every question. These same general objections are again stated in the supplemental answers. Making general objections is a dangerous practice, as the party who offers such general objections runs the risk of having them summarily denied.

Rule 33(b)(4) requires that objections be stated "with specificity." General objections such as those posed here place the burden on the court of deciphering which objection applies to which interrogatory. For instance, objection number 5 objects to the interrogatories "to the extent that they seek information unrelated to claim construction and validity," leaving it to the court to determine which questions seek such information.

These general objections are so general that they preserve nothing for review. Objection number 3 objects to the questions to the extent that they seek information protected by the attorney/client privilege, the work product doctrine, the party communication privilege, or "any other applicable privilege or exemption." This is completely inadequate to preserve a claim of privilege. See, Rule 26(b)(5). Objection number 6 states that the interrogatories "exceed 25 in number, including all discrete subparts." There are twelve interrogatories. Hart has not specified which of the "discrete subparts" it counts as separate interrogatories.

Some of these "objections" are not objections at all. In number 7, Hart "reserves the

right to amend its objections." However, there is no such "right," since untimely objections are waived. Rule 33(b)(4). In number 8, Hart states that, by answering interrogatories, "Hart specifically does not waive any rights under applicable statutes and law." That is a meaningless statement.

For the foregoing reasons, Hart's general objections numbers 1 through 8 are denied. The court will now turn to the answers with which Avante takes issue in its reply, **Doc. 82.**

Hart supplemented its answer to interrogatory number 1, "subject to ... its objections." The interrogatory asks Hart to provide, with particularity, "all bases for Defendant's contention that Defendant's Product(s) do not infringe any claim of the '730, '944, and '313 Patents." In its original answer, defendant objected that "it is not required to marshal all of its evidence at this time." That is not an objection. It further objected that "discovery is properly limited to issues relating to claim construction and validity at this point in the lawsuit." The scheduling order does not so provide; that objection is denied as well. Hart shall supplement its answer to fully respond, without objections, and shall also identity the three most knowledgeable persons, as requested.

Avante argues that the supplemental response to interrogatory number 3 is incomplete. The interrogatory asks Hart to name all persons who contributed to the design, development, upgrade, and modifications of Hart's products, and to identify all documents that refer or relate to each person's contribution. Hart's supplemental answer objects that the question is overbroad and unduly burdensome, and that it seeks proprietary, confidential, and/or trade secret information. Hart lists names of persons, but does not give any specifics about their involvement, and does not identify any documents. The answer is incomplete, and Hart shall supplement same to specify the nature of each person's contribution. However, the court finds that the request to identify "all documents that refer or relate to each such person's contribution"

5

to be overbroad and unduly burdensome, and sustains the objection to that part of the interrogatory.

Interrogatory number 4 asks Hart to state the date on which it learned of the existence of the '730, '944, and/or '313 patents, identify the actions taken by defendant with respect to each patent, including identifying the person at Hart who had the earliest knowledge, and identify all documents which refer or relate to such awareness and/or such post-awareness actions. Hart objected that the question is vague, ambiguous, overbroad, and unduly burdensome. The objection is overruled, except as to the part of the question which asks Hart to identify all documents which refer or relate to such awareness and/or post-awareness actions. In its supplemental answer, Hart states only that it became aware of the patents when it received a demand letter from attorney Paul Lesko. Avante is correct in that the answer is incomplete. Hart shall provide a complete answer.

Interrogatory number 6 asks for details about whether a search, such as a patentability or infringement search, was conducted. Hart objected that the interrogatory is vague and overbroad, unduly burdensome, and that it calls for the disclosure of privileged information. Hart did not supplement this answer. The question is not vague, overbroad, or unduly burdensome. In addition, the question does not seek the disclosure of privileged information because it does not ask for the content of any privileged communication. Rather, it seeks specific information about whether and how searches were conducted. In any event, a general objection such as this is not sufficient to preserve a claim of privilege or work product. Rule 26(b)(5). See also, **United States v. White, 970 F.2d 328, 334 (7th Cir. 1992)**. The objections to number 6 are overruled.

Interrogatory number 7 states "Identify all Hart equipment, including the software and source code utilized therein, that provide or is capable of providing a voter verifiable paper audit

6

trial, when the equipment was developed, the identities of the developers, and the three person(s) most knowledgeable about the equipment." For its original response, Hart objected that the question is vague and ambiguous, but subject to the objection, answered "Hart utilizes no equipment that provides a 'voter verifiable paper audit trail.'" Hart did not supplement the answer. In its response to the motion, Hart discusses the lack of a voting session identifier. See, **Doc. 74, p. 6**. The interrogatory does not ask about a voting session identifier. The objection that the question is vague and ambiguous is denied; Hart shall answer the question. If it is necessary for Hart to explain in its answer that its equipment does not provide a voting session identifier, it can do so.

Interrogatory number 8 asks Hart to "Identify all Hart optical scan equipment ... that images or is capable of imaging a ballot ...." Hart objected that the question was vague and ambiguous, but, subject to the objection, answered that "Hart utilizes no optical scan equipment." The objection is overruled. Avante is dissatisfied with the answer because Hart posts articles on its website that refer to optical scan equipment and optical scan ballots. In essence, Avante is complaining that the answer is incorrect. The answer is not evasive or incomplete. The court can only order a party to answer an interrogatory; it cannot compel Hart to give the answer that Avante wants. The motion is denied with respect to interrogatory number 8.

Lastly, Interrogatory number 10 asks Hart to state total sales in dollars and units sold for 2002, 2003, 2004, 2005, 2006, and 2007 for various categories of equipment, and to identify the three persons who are most knowledgeable about such sales. Hart originally objected that the question is vague, ambiguous, overly broad and unduly burdensome. It further objected that "much of the information sought is publicly available." Those objections are denied. In its supplemental response, Hart raised a new objection that Avante is not entitled to damages for

acts occurring prior to the issue date of the patents-in-suit. That objection was not timely raised, and is waived. Rule 33 (b)(4). Hart shall answer the interrogatory. The court notes that Hart states that it will produce documents upon entry of a protective order. This court has denied its motion for protective order, and Hart's objection is now pending before Chief Judge Herndon.

Upon consideration and for good cause shown, Plaintiff's Motion to Compel a Response from Hart Intercivic, Inc., to Interrogatories Nos. 3-4, 6-10 and Determine the Sufficiency of Hart's Answers to Requests for Admissions 3-13, 49-56 Under Fed.R.Civ.P. 37(a) **(Doc. 68)** is **GRANTED in part and DENIED in part as set forth above.**

Avante's request for fees and costs is denied.

Hart shall supplement its responses as directed in this order no later than **June 4, 2008.**

**IT IS SO ORDERED.**

DATE: May 14, 2008.

<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**